J-S26037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                     :   PENNSYLVANIA
                                     :
       v.                        :
                                     :
                                   :
PETER JAMES SOROKAPUT       :
                                   :
          Appellant         :   No. 583 MDA 2022

Appeal from the PCRA Order Entered March 23, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000645-2019

BEFORE:   KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:    **FILED: AUGUST 16, 2022**

Appellant Peter James Sorokaput appeals from the Order entered in the Court of Common Pleas of Schuylkill County on March 23, 2022, denying his timely, first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Following our review, we affirm.

A prior panel of this Court briefly summarized the relevant facts and procedural history herein as follows:

> The facts and procedural history of this case are undisputed. Briefly, on November 21, 2019, Appellant pleaded guilty to three counts of rape of a child, two counts of aggravated indecent assault, two counts of incest of minor under the age of 13 years, two counts of corruption of minors, two counts of endangering the welfare of children, two counts of indecent assault, and four counts of indecent exposure.[1] On December 13, 2019, the trial court sentenced Appellant to an aggregate term of 30 to 60 years' imprisonment. Appellant did not file any post-sentence motion.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

Instead, he timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, raising a single assertion of error whereby he challenged only the discretionary aspects of sentencing. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.[2]

_____

[1] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 4302(b)(1), 6301(a)(1)(ii), 4304(a)(1), 3126(a)(7), and 3127(a), respectively.

*Commonwealth v. Sorokaput*, 241 A.3d 421 (Pa.Super. 2020), *reargument denied* (Dec. 17, 2020), *appeal denied*, 252 A.3d 1077 (Pa. 2021), *cert. denied*, *Sorokaput v. Pennsylvania*, 142 S. Ct. 172, 211 L. Ed. 2d 68 (Oct. 4, 2021).

Finding Appellant had waived his challenges to the discretionary aspects of his sentence and to the voluntariness of his guilty plea, this Court affirmed Appellant's judgment of sentence on October 14, 2020.[3] *See id*. On October 21, 2020, Appellant's counsel filed an Application for Reargument with this Court which was denied on December 17, 2020. Appellant filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, and the Court denied the same on April 21, 2021. The United States Supreme Court denied Appellant's writ of certiorari on October 4, 2021.

_____

[2] The victims of Appellant's sexual abuse were his daughters who were ages four (4) and six (6), at the time.
[3] We found the sentencing issue waived as it had not been raised during the sentencing hearing or in a timely post-sentence motion to modify Appellant's sentence. We deemed the challenge to the voluntary nature of Appellant's guilty plea waived due to Appellant's failure to include it in his Rule 1925(b) Statement. *See* Pa. R.A.P.1925(b)(vii).

Prior to the resolution of his direct appeal, Appellant filed numerous *pro se* motions including a Motion for Leave to File Post Sentence Motion Nunc Pro Tunc which the trial court treated as a request for post-conviction relief. Counsel was appointed and ultimately filed a motion to withdraw on January 27, 2021. Thereafter, on February 5, 2021, Appellant filed a *pro se* Motion for Post Conviction Collateral Relief. On December 1, 2021, the trial court reinstated Appellant's PCRA Petition and re-appointed PCRA counsel. On December 17, 2021, PCRA counsel filed an Amended PCRA Petition wherein he raised various claims of ineffective assistance of trial counsel.

A PCRA hearing was held on February 24, 2022, at which time trial counsel testified, and Appellant presented testimony on his own behalf. Following the hearing, the PCRA court denied Appellant's petition on March 23, 2022.

Appellant filed a timely appeal on April 19, 2022, and both he and the trial court have complied with Pa.R.A.P. 1925.

In his brief, Appellant presents the following issues for our review:

1. Whether the [PCRA] court erred by failing to find trial counsel ineffective for advising the Defendant/Appellant to enter a general plea to all of the charges and not explaining the implications of doing so?

2. Whether [the PCRA] court erred by failing to find trial counsel ineffective for failing to file a motion to suppress Defendant/Appellant's verbal and written confessions which were obtained in violation of Defendant/Appellant's rights?

3. Whether [the PCRA] court erred by failing to find trial counsel ineffective for failing to file a post-sentence motion

to modify sentence after being requested to do so by the Defendant/Appellant?

Brief for Appellant at 3.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

Counsel is presumed to be effective. ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa.Super. 2020*), appeal denied*, 242 A.3d 908 (Pa. 2020). To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa.Super. 2007) (citation omitted). The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a

reasonable probability that the outcome of the proceedings would have been different." *Id.* (citation omitted). We have explained that:

> [a] claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 583 Pa. 130, 876 A.2d 380, 385 ( [Pa.] 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim ..., he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa.Super. 2013) (some internal quotations and citations omitted).

> "[B]oilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Commonwealth v. Paddy*, 609 Pa. 272, 15 A.3d 431, 443 (2011). Moreover, "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 600 Pa. 1, 963 A.2d 409, 419 (2009) (citation omitted).

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1044 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568 (Pa. 2019).

- 5 -

Herein, Appellant initially asserts that due to the coercive nature of his interview with police on February 21, 2019, trial counsel had no reasonable basis for failing to file a motion to suppress his verbal and written confessions. Appellant reasons that the Commonwealth's case hinged on those confessions, and due to the absence of physical evidence of the alleged sexual assault of the minor victims, it is unlikely any charges would have been filed had Appellant not confessed. Appellant posits the even if charges had been brought against him without his confessions, his likelihood of obtaining a not guilty verdict would have been greatly increased. Brief for Appellant at 13-14.

With regard to the second issue he presents on appeal, Appellant's entire argument is as follows:

> Trial counsel in this case was of the opinion that the Commonwealth had a very strong case and advised [Appellant] to enter into a general plea of guilt to all of the charges pending against him. ( PCRA T. pg. 10) It is inexplicable why counsel would advise his client to enter into a plea of guilt to all of the pending charges and forego a trial. The worse [sic] case scenario by proceeding to trial would be to be found guilty to all the charges. By advising [Appellant] to forego a trial, it relieved the Commonwealth of proving each and every element of each and every charge beyond a reasonable doubt. It also negated the possibility of being acquitted on at least some of the charges. There is no reasonable basis for trial counsel to advise [Appellant] to forego his right to a trial and simply enter a plea of guilt to all of the charges in this matter.

Brief for Appellant at 16.

In support of his third claim, Appellant avers trial counsel failed to file a timely post-sentence motion to modify his sentence after Appellant directed

- 6 -

counsel to do so. While Appellant admits counsel filed a timely direct appeal with this Court, he stresses that we found the challenges he presented therein to be waived and baldly concludes this Court should find that trial counsel had been ineffective in light of his inaction. *Id*. at 17-18.

After a thorough review of the certified record, the hearing transcripts, the applicable law, and the comprehensive and well-reasoned Opinion of the Honorable Christopher W. Hobbs we conclude there is no merit to Appellant's claims. Accordingly, we affirm on the basis of the PCRA court's March 23, 2022, Opinion. *See* PCRA Court Opinion, 3/23/22, at 1-10 (concluding (1) there was no evidence in the record to support Appellant's bald allegations that he had been coerced to enter a general guilty plea, and his Written Guilty Plea form belied those contentions; (2) the transcript of the Sentencing Hearing corroborates trial counsel's testimony that he sought a concurrent sentence rather than a consecutive sentence and disproves Appellant's contention he did not know the difference between those two sentencing schemes; (3) there were no meritorious grounds upon which trial counsel could have filed a suppression motion because Appellant never articulated any credible reason either to counsel or to the trial court as to why he felt pressured to plead guilty; (4) Appellant never instructed trial counsel to file a motion to modify his sentence, but instead stated he wanted to file an appeal; even if Appellant expressed a desire to file a motion to modify his

sentence, such motion would "have little to no chance of success given the horrendous accusations to which [Appellant] had just plead guilty.").

The parties are instructed to attach a copy of the PCRA court's March 23, 2022, Opinion to all future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2022